# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

(Southern Division)

| | | |
|---|---|---|
| CHARLES PUGH | : | |
| | : | |
| and | : | |
| | : | |
| VERONICA STEWART | : | |
| | : | |
| and | : | |
| | : | |
| NARVELL NINES | : | Civil Action No. 8:22-cv-00617-PWG |
| 915 Homberg Ave. | : | |
| Essex, Maryland 21221 | : | |
| | : | |
| On their Own Behalf and on Behalf | : | |
| of All Others Similarly Situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CIOX HEALTH, LLC | : | |
| | : | |
| Defendant. | : | |

_____

### Amended Class Action Complaint and Demand for Jury Trial

Plaintiffs, Charles Pugh ("Mr. Pugh"), Veronica Stewart ("Ms. Stewart") and Narvell

Nines ("Mr. Nines"), on their own behalf and on behalf of a class of similarly situated persons, by

and through their attorneys Richard S. Gordon and Sara E. Assaid of GORDON, WOLF &

CARNEY, CHTD. and Charles A. Gilman and Lauren M. Geisser of GILMAN & BEDIGIAN,

LLC, sue Defendant CIOX Health, LLC ("CIOX" or "CIOX Health, LLC") and allege as

follows:

## <u>Introduction</u>

1.      This Class Action Complaint and Demand for Jury Trial (the "Complaint")

challenges the predatory and illegal billing practices of CIOX, in violation of CIOX's statutory

and common law obligations, when billing their patients for Medical Records under Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. §§ 4-301, *et seq.* ("Maryland's Confidentiality of Medical Records Act" or "Md. CMRA").

2.      CIOX is a specialized Medical Records provider that contracts with health care providers throughout the United States, including Maryland, to maintain, retrieve and prepare individuals' personal health records, on the health care providers' behalf.  Nationally, CIOX fulfills over 50 million requests for health information annually.

3.      In Maryland, all costs associated with the retrieval and preparation of such Medical Records, whether by a health care provider or through a health care provider's agent, such as CIOX, are governed by Maryland's Confidentiality of Medical Records Act.  The Md. CMRA limits both the types of charges that may be imposed by health care providers and their agents, as well as the amounts of those charges when imposed.

4.      The Md. CMRA, for example, limits the per-page charge by a health care provider or its agent for the copying of Medical Records (currently set by the Maryland General Assembly at "76 cents for each page of the medical record").  Md. Code, Health-Gen. § 4-304(c)(3)(i).  When the health care provider uses or maintains the requested medical records in an electronic format, and further produces the medical records in an electronic format, this per-page charge is further limited to "75% of the per-page fee" (thus reducing the .76¢ to .57¢ per-page) and is capped at a specific dollar amount (currently $80) when a health care provider that uses or maintains the requested Medical Records in an electronic format produces the Medical Records in an electronic format.  Md. Code, Health-Gen. § 4-304(c)(3)(iii)(2).

5.      In addition to these per-page fees, the Md. CMRA also limits any other fees that a health care provider or its agent may charge and only permits a "preparation fee" not to exceed

a capped amount (currently $22.88) for Medical Records or electronic format Medical Records "retrieval and preparation."  Md. Code, Health-Gen. § 4-304(c)(3)(ii)(1) and (iii)(1).

6.      Other restrictions in the Md. CMRA further limit what can be charged for preparation and production of Medical Records, which is dependent upon who is requesting the Medical Records and their intended use.  Effective October 1, 2021, for instance, the Maryland General Assembly expressly prohibits a health care provider or its agent from charging any fee for providing copies of Medical Records requested by a "patient" or the patient's representative when the Medical Records "will be used for the purpose of filing a claim regarding or appealing a denial of Social Security disability income or Social Security benefits under Title II or Title XVI of the Social Security Act."  Md. Code, Health-Gen. § 4-304(c)(5).

7.      Despite the express limitations imposed by Maryland's General Assembly, CIOX routinely and consistently charges per-page copying rates that are well in excess of those permitted by Maryland's Confidentiality of Medical Records Act and Maryland law; and it refuses to cap its per-page fee for preparation of electronic format Medical Records, despite the clear requirements of the Md. CMRA.

8.      In addition, CIOX also routinely and consistently includes "Junk Fees" that are unfair, abusive and deceptive.  For example, CIOX routinely charges a "Basic Fee" of up to $22.88 to individuals when CIOX searches for an individual's Medical Records but ultimately determines that the health care provider has no such records to retrieve or prepare.  CIOX also frequently adds an "Electronic Data Archive Fee," a "Digital Archive Fee," a "Retrieval Fee," an "Instant Download Fee" and/or other "Junk Fees" even though those fees are not expressly permitted by Maryland law.

9.      But that is not the only "Junk Fee" charged by CIOX to Maryland consumers. CIOX also frequently adds a fee for "Sales Tax" even though "a patient's medical records" are

expressly exempted from Maryland's Sales and Use Tax. *See* Md. Code, Tax-Gen. § 11-211(a)(4) ("The sales and use tax does not apply to … a sale of a patient's medical records to the patient or the patient's representative.").

10.    CIOX, as a large and sophisticated health care provider, which has operated in the state of Maryland for more than twenty (20) years, at all times knew or should have known that the fees that it charged to and collected from Named Plaintiffs and members of the Class, throughout the timeframe of this Complaint, were unlawful, excessive and impermissible.

11.    But CIOX's predatory and illegal billing practices go even further.  Despite the clear prohibition in the Md. CMRA, CIOX, as of the filing of this Complaint, knowingly and intentionally charges copying fees for Medical Records requested by a "patient" and/or the patient's representative when the Medical Records "will be used for the purpose of filing a claim regarding or appealing a denial of Social Security disability income or Social Security benefits under Title II or Title XVI of the Social Security Act."  Md. Code, Health-Gen. § 4-304(c)(5).

12.    Complaints regarding CIOX's billing practices, either from patients or the attorneys who represent them, have not slowed down CIOX's illegal activities.  CIOX will not stop its unfair, abusive and deceptive billing practices until it is compelled to stop them by a court of law.

13.    CIOX massively profits from victimizing the individuals who have been improperly overcharged for the production of Medical Records, enjoying its financial windfall and ill-gotten gains at the expense of vulnerable individuals.

14.    Accordingly, Named Plaintiffs bring this Complaint on behalf of all persons who, during the timeframe of this Complaint sought copies of Medical Records from a Maryland health care provider, or had the records requested by some other Person pursuant to their authorization, and either: (1) were charged a fee by CIOX after it was determined that no such

records existed; or (2) were charged "Junk Fees" or excessive fees by CIOX in violation of Maryland's Confidentiality of Medical Records Act.

## Parties

15.     Named Plaintiff Charles Pugh is a resident of Prince George's County, Maryland. On or about December 23, 2021, Mr. Pugh's attorneys and personal representatives requested Mr. Pugh's Medical Records from Medstar Southern Maryland Hospital in Clinton, Maryland ("Medstar") to be used for the purpose of filing a claim for Mr. Pugh regarding Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.

16.     On or about December 31, 2021, CIOX, an agent of Medstar, produced the requested Medical Records in an electronic format. CIOX's Invoice for retrieving and producing Mr. Pugh's Medical Records included per-page charges of .66¢, aggregate copy charges of $86.54 and an "Electronic Data Archive Fee" of $4.99, all of which were collected from Mr. Pugh.

17.     A copy of Mr. Pugh's CIOX Invoice is attached hereto as **Exhibit A**.

18.     Named Plaintiff Veronica Stewart is a resident of Baltimore City, Maryland. On or about February 19, 2020, Ms. Stewart's attorneys and personal representatives requested Ms. Stewart's Medical Records from Rubin Institute for Advanced Orthopedics ("Rubin Institute") in Baltimore, Maryland to be used in connection with Ms. Stewart's claims for personal injuries.

19.     On or about February 28, 2020, CIOX, an agent of Rubin Institute, notified Ms. Stewart's attorneys that it was "unable to comply with [the] request" noting that no Medical Records were located for Ms. Stewart. Regardless, CIOX sent Ms. Stewart an Invoice, charging her a "Basic Fee" of $22.88, which was collected from Ms. Stewart.

20.     A copy of Ms. Stewart's CIOX Invoice is attached hereto as **Exhibit B**.

21.	Named Plaintiff Narvell Nines is a resident of Baltimore County, Maryland. On or about February 19, 2021 and April 21, 2021, Mr. Nines' attorneys and personal representatives requested Mr. Nines' Medical Records from three different physicians – two associated with Johns Hopkins Bayview Medical Center ("Bayview") and the other associated with Johns Hopkins Community Physicians ("JHCP") – to be used for the purpose of filing a claim for Mr. Nines regarding SSI under Title XVI of the Social Security Act.

22.	On or about February 27, 2021 and March 1, 2021, Mr. Nines' attorneys received Invoices from CIOX, an agent of Bayview, for the requested Medical Records (in a hard copy format). The February 27, 2021 Invoice for retrieving and producing Mr. Nines' Medical Records included per-page charges of .83¢, aggregate copy charges of $36.52, and "Sales Tax" of $3.57. The March 1, 2021 Invoice included per-page charges of .83¢, aggregate copy charges of $13.28, and "Sales Tax" of $2.17. All of these fees were collected from Mr. Nines.

23.	On or about May 17, 2021, Mr. Nines' attorneys received an Invoice from CIOX, an agent of JHCP, for the requested Medical Records (in a hard copy format). The Invoice for retrieving and producing Mr. Nines' Medical Records included per-page charges of .88¢, aggregate copy charges of $169.84, and "Sales Tax" of $11.57, all of which were collected from Mr. Nines.

24.	A copy of Mr. Nines' CIOX Invoices are attached hereto as **Exhibits C**, **D** & **E**.

25.	Defendant CIOX Health, LLC is a Georgia limited liability company doing business throughout the state of Maryland, including Montgomery County, as a foreign limited liability company.

26.	As a foreign limited liability company, CIOX assents to the laws of this state. Md. Code, Corp. and Assoc. § 4A-1010.

27.     On December 23, 2016, CIOX forfeited its right to conduct business in the state of Maryland.  Although, at the time that this lawsuit was originally filed, CIOX was not in good standing and, thus, not authorized to do business in the state of Maryland, CIOX represents that it has since re-registered with the Maryland State Department of Assessments and Taxation.

28.     CIOX was formerly known as HealthPort Incorporated and changed its name to CIOX Health, LLC in March 2016.  CIOX Health, LLC was created by the merger of HealthPort, IOD, Inc., Care Communications, Inc., and ECS.  The company was founded in 1976 and began conducting business in Maryland in 2001.

29.     CIOX is a specialized Medical Records provider that contracts with health care providers in all 50 states to retrieve and produce individuals' protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and relevant state privacy laws.

30.     CIOX provides Medical Records retrieval services for three out of five hospitals in the United States and more than 16,000 physician practices, handling more than 50 million Medical Records requests annually.

31.     During the timeframe of this Complaint, Defendant CIOX contracted with certain health care providers in Maryland – including but not limited to Medstar and Rubin Institute – to retrieve and prepare Medical Records pursuant to patients' requests.

32.     For purposes of Maryland's Confidentiality of Medical Records Act, CIOX, at all times, was an agent of these, and many other, health care providers in Maryland.

33.     Peter McCabe is the Chief Executive Officer of CIOX and originally was a Defendant in this case.  Mr. McCabe was sued in this matter in his official capacity only because, in December 2016, CIOX forfeited its authority to conduct business in the state of Maryland. *See* Md. Code, Corp. & Assoc. § 4A-1013. Following service of the Complaint, on March 4, 2022,

CIOX represents that it re-registered with the Maryland State Department of Assessments and Taxation. Thus, the Parties agree that Mr. McCabe can be dismissed as a Defendant.

## Jurisdiction And Venue

34.     This class action was removed to this Court by CIOX pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant contends that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

35.     Venue is proper in this District under 28 U.S.C. § 1391(b) since a substantial part of the events giving rise to claims herein occurred within this District and the Defendant systematically and continually transacts business in this District.

## Facts Applicable to All Counts

36.     This is an action against CIOX resulting from its predatory and unreasonable billing practices, which are not only unlawful under Maryland's Confidentiality of Medical Records Act, but also unfair, abusive and deceptive.

37.     All physicians, chiropractors, hospitals, dentists and other duly licensed practitioners in the state of Maryland (collectively "health care providers") are required by Maryland statute to furnish a copy of all Medical Records to the patient or the patient's representative upon request. *See* Md. Code, Health-Gen. § 4-304(a).

38.     Under the Md. CMRA, "Health care provider" is broadly defined and includes any "person who is licensed, certified, or otherwise authorized under the Health Occupations Article or § 13-516 of the Education Article to provide health care in the ordinary course of business or practice of a profession or in an approved education or training program," as well as any facility – inpatient or outpatient – where health care is provided.  Md. Code, Health-Gen. § 4-301(h)(1).

39.     Health care provider also "includes the agents, employees, officers, and directors of a facility and the agents and employees of a health care provider."  Md. Code, Health-Gen. § 4-301(h)(2).

40.     Defendant CIOX is a Medical Records copying service which has contracts with a number of health care providers in the state of Maryland to maintain, copy and distribute, upon request, the Medical Records of patients and/or former patients of such health care providers.

41.     CIOX is required to comply with all provisions of the Md. CMRA because through its role of fulfilling Medical Records requests, CIOX acts as an agent of health care providers by processing the Medical Records requests on their behalf.

42.     Indeed, upon information and belief, all contracts between CIOX and health care providers in Maryland provide that CIOX agrees that the fees and charges invoiced and collected by CIOX in connection with the fulfillment of Medical Records requests shall be in compliance with state laws.

43.     CIOX, under its business model, and as is typical of standard industry practice, charges state-authorized rates, such as those delineated in Maryland's Confidentiality of Medical Records Act, for all Medical Records requests from third parties, such as law firms seeking their client's Medical Records for purposes of legal representation.

44.     "Medical record" is defined by the Md. CMRA to include "any oral, written, or other transmission in any form or medium of information that:

(i)     Is entered in the record of a patient or recipient;
(ii)    Identifies or can readily be associated with the identity of a patient or recipient; and
(iii)   Relates to the health care of the patient or recipient."

Md. Code, Health-Gen. § 4-301(j)(1).

45.     "Medical record" also includes any documentation showing that a Medical Record was disclosed to any person who is not an employee, agent, or consultant of the health care provider.  Md. Code, Health-Gen. § 4-301(j)(2)(i).  It also includes any medical bills requested by an individual.  Md. Code, Health-Gen. § 4-304(c)(1)(i).

46.     Under the Md. CMRA, "Patient" is defined as "a person who receives health care and on whom a medical record is maintained."  Md. Code, Health-Gen. § 4-301(l).

47.     In Maryland, a health care provider, including but not limited to CIOX, is required to provide a copy of Medical Records "within a reasonable time" after a "Person in interest" requests such records "in writing."  Md. Code, Health-Gen. § 4-304(a)(1).

48.     A "Person in interest," under the Md. CMRA, is broadly defined to include, among others, an adult or minor "on whom a health care provider maintains a medical record" or their duly appointed representatives.  "Person in Interest" also includes any "attorney appointed in writing."  Md. Code, Health-Gen. § 4-301(m).

**Maryland Law Expressly Limits the Fees that Can be Charged for Producing Medical Records**

49.     When a Person in Interest or any authorized person requests copies of Medical Records, health care providers "may require a person in interest or any other authorized person who requests a copy of a medical record to pay for the cost of copying."  Md. Code, Health-Gen. § 4-304(c)(2).

50.     Maryland's Confidentiality of Medical Records Act enumerates the specific fees and charges that can be imposed upon a person who requests Medical Records from a health care provider.

51.　　In particular, under § 4-304(c)(3)(i) of the Md. CMRA, a health care provider such

as CIOX, "may charge a fee for copying and mailing not exceeding" a specific dollar amount

(currently "76 cents") for each page of the Medical Records.

52.　　In addition to the per-page fee, a hospital or a health care provider may also charge:

> 1.　　Subject to the fee limitations that apply to persons in interest under 45 C.F.R. 164.524 and any guidance on those limitations issued by the U.S. Department of Health and Human Services, a preparation fee not to exceed $22.88 for medical record retrieval and preparation; and
>
> 2.　　The actual cost for postage and handling of the medical record.

Md. Code, Health-Gen. § 4-304(c)(3)(ii).

53.　　When Medical Records are produced in an "electronic format," the health care

provider is also permitted to charge certain fees for the Medical Records, but the fees are

reduced and limited:

> (iii)　Subject to the fee limitations that apply to persons in interest under 45 C.F.R. 164.524 and any guidance on those limitations issued by the U.S. Department of Health and Human Services, a hospital or a health care provider that uses or maintains the requested medical records in an electronic format may charge for an electronic copy of a medical record in an electronic format requested by a person in interest or any other authorized person:
>
> > 1.　　A preparation fee not to exceed $22.88 for electronic format medical records retrieval and preparation;
> >
> > 2.　　A per-page fee of 75% of the per-page fee charged by a health care provider under subparagraph (i) of this paragraph that may not exceed $80; and
> >
> > 3.　　The actual cost for postage and handling of the electronic format medical records.

Md. Code, Health-Gen. § 4-304(c)(3)(iii).

54.     As of the date of the filing of this Complaint, the "per-page fee of 75% of the per-page fee charged by a health care provider under" Md. Code, Health-Gen. § 4-304(c)(3)(i) is .57¢ per-page.

55.     Maryland's Confidentiality of Medical Records Act does not permit any fee to be charged or collected when the health care provider or its agent searches for Medical Records but determines that the health care provider has no such records to copy, retrieve or prepare.

56.     In addition, the Md. CMRA as of October 1, 2021, prohibits a health care provider or its agent from charging any fee for providing copies of Medical Records requested by a "patient" or the patient's representative when the Medical Records "will be used for the purpose of filing a claim regarding or appealing a denial of Social Security disability income or Social Security benefits under Title II or Title XVI of the Social Security Act."  Md. Code, Health-Gen. § 4-304(c)(5).

**CIOX Charges and Collects More than
the Fees Permitted by Maryland Law**

57.     Despite the express restrictions of Maryland law on the fees that CIOX and other health care providers can charge and collect for the copying, retrieval and preparation of Medical Records, CIOX routinely and consistently invoices and collects fees in excess of the amounts permitted.

58.     For example, CIOX routinely and consistently charges to and collects from Persons in Interest a "Basic Fee" of up to $22.88 when CIOX merely searches for requested Medical Records but determines that the health care provider has no such records to copy, retrieve or prepare.

59.     The "Basic Fee" of up to $22.88 charged and collected in such a circumstance deceives or tends to deceive because no fee is authorized by Maryland law for merely searching

for Medical Records.  Indeed, the charging of a "Basic Fee," or any fee at all, is unfair, abusive or deceptive in such a circumstance and has caused loss and damage to those who paid the fee to CIOX in reliance upon the implicit suggestion that such a fee is legally permitted and authorized by the law.

60.     Even when CIOX locates Medical Records, and retrieves and prepares them for production, CIOX also frequently and consistently adds additional fees and charges to their invoices in an effort to collect more from Persons in Interest than legally permitted.  In this regard, during the timeframe of this Complaint, CIOX has invoiced Persons in Interest for a variety of "Junk Fees" including but not limited to "Electronic Data Archive Fees," "Digital Archive Fees," "Retrieval Fees," "Instant Download Fees" and others even though those fees also are not expressly permitted by Maryland law.

61.     Moreover, CIOX also frequently adds a fee for "Sales Tax" even though "a patient's medical records" are expressly exempted from Maryland's Sales and Use Tax. *See* Md. Code, Tax-Gen. § 11-211(a)(4) ("The sales and use tax does not apply to … a sale of a patient's medical records to the patient or the patient's representative.").

62.     At all times relevant to this Complaint, CIOX knew or had reason to know that "a patient's medical records" are expressly exempted from Maryland's Sales and Use Tax.

63.     During the time frame of this action, CIOX was neither licensed by nor registered to conduct business in the State of Maryland; nor was it registered with the Maryland Comptroller to collect "Sales Tax" from consumers.

64.     Moreover, though CIOX was misrepresenting to Named Plaintiffs and Class members that a "Junk Fee" for "Sales Tax" was due and owing in connection with the production of their Medical Records, CIOX was not, in turn, paying the "Sales Tax" to the State of Maryland, but rather was keeping and using such funds for its own purposes and gain.  Thus,

the "Sales Tax," though charged to consumers, was never collected by a Maryland governmental entity.

65.     "Junk Fees" are invoiced and collected as a matter of course by CIOX in Maryland, are unfair, abusive or deceptive and have caused loss and damage to those who have paid the fees to CIOX in reliance upon the implicit suggestion that such "Junk Fees" are legally permitted and authorized by the law.

66.     In addition to the "Junk Fees," CIOX also refuses and/or fails to limit its fees, charged to and collected from patients and their representatives, to the legally permitted per-page rate whether the records are produced in a hard copy or electronic format (as provided for in the Maryland's Confidentiality of Medical Records Act); it also refuses and/or fails to cap its aggregate copying fee for preparation of electronic format Medical Records, despite the clear requirements of the Md. CMRA.

67.     In this regard, CIOX typically and routinely currently charges Persons in Interest as much as .83¢ - .88¢ per-page or more, even though the Md. CMRA currently limits the per-page charge for Medical Records produced in a hard copy format to .76¢ per-page. Md. Code, Health-Gen. § 4-304(c)(3)(i).

68.     CIOX also overcharges Persons in Interest whose Medical Records are produced in an electronic format.  In such circumstance, CIOX typically and routinely currently charges Persons in Interest .66¢ per-page or more, even though the Md. CMRA currently limits the per-page charge for Medical Records produced in an electronic format to .57¢ per-page – which is "75% of the per-page fee" allowable when the Medical Records are retrieved and prepared in a hard copy format.  Md. Code, Health-Gen. § 4-304(c)(3)(iii).

69.     And CIOX also typically and routinely charges Persons in Interest more than the aggregate fee permitted when Medical Records are produced in an electronic format (currently

$80).  Md. Code, Health-Gen. § 4-304(c)(3)(iii).  Indeed, CIOX often charges an aggregate fee for electronic copies in excess of $80 or more.

70.     But CIOX's predatory and illegal billing practices go even further.  Despite the clear prohibition in the Md. CMRA, CIOX, as of the filing of this Complaint, still charges copying fees for Medical Records requested by a "patient" and/or the patient's representative when the Medical Records "will be used for the purpose of filing a claim regarding or appealing a denial of Social Security disability income or Social Security benefits under Title II or Title XVI of the Social Security Act."  Md. Code, Health-Gen. § 4-304(c)(5).

71.     At all times relevant to this Complaint, CIOX, a company that has conducted business and operations in the state of Maryland for more than twenty (20) years, was fully aware of the requirements, limitations and nuances of the Md. CMRA with respect to requiring a Person in Interest or any other authorized person who requests a copy of Medical Records to pay the cost of copying the Medical Records and/or retrieval and preparation of the Medical Records.

72.     For years, CIOX has charged and collected the fees challenged in this Complaint from Named Plaintiffs and Class members when it knew or should have known that the fees were unlawful, excessive and impermissible.

73.     In this regard, CIOX is fully aware that it may not: (a) charge and collect "Junk Fees" from the Named Plaintiffs and Class members seeking copies of their Medical Records; (b) impose a per-page copy rate in excess of that permitted by Maryland law; and (b) levy a fee of any type on the members of the Class (such as a "Basic Fee" of up to $22.88) when CIOX searches for a person's Medical Records but determines that the health care provider has no such records to produce.

15

74.     Likewise, CIOX also is fully aware that post-October 1, 2021, it is prohibited from charging and collecting a fee for copying Medical Records from anyone in Maryland seeking to pursue a claim for Social Security disability income or Social Security benefits under Title II or Title XVI of the Social Security Act.

75.     As a result of CIOX's predatory and unlawful billing scheme, and the other acts, material omissions, affirmative misrepresentations and unfair, abusive and deceptive practices described herein, Named Plaintiffs and Class members were charged and paid significantly more for the copying, retrieval and preparation of their Medical Records than the law permits.

**Facts Applicable to Named Plaintiffs**

**A.     CHARLES PUGH**

76.     On or about December 23, 2021, Mr. Pugh's attorneys and personal representatives requested Mr. Pugh's Medical Records from Medstar to be used for the purpose of filing a claim for Mr. Pugh regarding Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.

77.     The request for Mr. Pugh's Medical Records – which was submitted to Medstar at the request of the law firm representing Mr. Pugh via Mr. Pugh's authorized representative, ReleasePoint, a records retrieval service – included a written notice that Mr. Pugh's "MEDSTAR SOUTHERN MARYLAND HOSPITAL Records are needed for SSDI benefits hearing."

78.     Mr. Pugh's attorneys, as well as ReleasePoint, were appointed in writing by him.

79.     On or about December 30, 2021, CIOX, as an agent of Medstar, prepared an invoice in connection with the copying, retrieval and preparation of Mr. Pugh's Medstar Medical Records.

80.     Mr. Pugh's CIOX's Invoice – which was generated by CIOX's "Electronic Delivery Service" – also included the following preprinted communication in bold type:

> **Please Note: Your medical record request has been delivered electronically to your Ciox eDelivery Account.**

*See* **Exhibit A**.

81.     Despite the express notice from ReleasePoint that Mr. Pugh's Medical Records were requested for the purpose of pursuing a claim regarding SSI, CIOX's Invoice included and demanded payment of $86.54 for the copying of Mr. Pugh's Medical Records.

82.     And notwithstanding the unambiguous communication from CIOX, acknowledging that Mr. Pugh's Medical Records were delivered in an electronic format, CIOX's Invoice for Mr. Pugh included charges of .66¢ per-page and aggregate copy charges of $86.54. These charges are in excess of the maximum fees permitted under Maryland's Confidentiality of Medical Records Act.

83.     Moreover, and in addition to the other charges set forth on CIOX's Invoice for Mr. Pugh, CIOX included an "Electronic Data Archive Fee" – a "Junk Fee" – of $4.99 among the charges assessed to Mr. Pugh.

84.     Because of the unlawful and unauthorized charges that CIOX added to Mr. Pugh's Invoice, CIOX demanded that Mr. Pugh and his authorized representatives pay CIOX a total of $114.41 for copying, retrieving and preparing Mr. Pugh's Medical Records.  The actual charges permitted by Maryland law, however, for the copying, retrieval and preparation of Mr. Pugh's Medical Records are a fraction of that amount.

85.     Mr. Pugh and his authorized representatives paid the CIOX Invoice in full on or about December 30, 2021.

86.     On December 30, 2021, CIOX, as an agent of Medstar, produced the requested Medical Records to Mr. Pugh and his authorized representatives, in, as noted, an electronic format.

87.     Upon information and belief, had Mr. Pugh and his authorized representatives refused to pay CIOX's Invoice in full, CIOX would have refused to produce Mr. Pugh's Medical Records.

88.     As a result of CIOX's unlawful and predatory actions in this case, Mr. Pugh has paid more to CIOX for copies of his Medical Records than permitted by Maryland law and suffered actual damages.

### B.     VERONICA STEWART

89.     On or about February 19, 2020, Ms. Stewart's attorneys and personal representatives requested Ms. Stewart's Medical Records from Rubin Institute, to be used in connection with Ms. Stewart's claims for personal injuries.

90.     Ms. Stewart's attorneys were appointed in writing by her.

91.     On February 28, 2020, Rubin Institute, by and through its agent CIOX, notified Ms. Stewart's attorneys, via a notice titled "Request Exception Notification," that it was "unable to comply with [the] request" noting that no Medical Records were located for Ms. Stewart.

92.     In particular, the Request Exception Notification advised Ms. Stewart and her attorneys that a search for Ms. Stewart in Rubin Institute's records, yielded no results:

**Patient Not Found**
We have been unable to locate a record for the above-named patient. We will gladly recheck our records if you can provide and verify the following information: date of birth, treatment types and dates, attending physicians, the specific outpatient department in which the patient was seen, or other names under which the patient might have been admitted. Please re-submit your request with the necessary information and will process your request upon receipt.

93.     Even though CIOX did not copy any Medical Records in response to Ms. Stewart's request for Medical Records, and neither retrieved nor prepared any records for production (either electronically or otherwise), on or about February 28, 2020, CIOX sent Ms. Stewart an invoice, charging her a "Basic Fee" of $22.88.  *See* **Exhibit B**.

94.     The $22.88 "Basic Fee" charged by CIOX to Ms. Stewart is a "Junk Fee" that has no permissible legal basis.

95.     Because of the unlawful and unauthorized charge that CIOX added to Ms. Stewart's Invoice, CIOX demanded that Ms. Stewart and her attorney's pay CIOX a total of $22.88 "Net 30 days."

96.     Ms. Stewart and her attorneys paid the CIOX Invoice in full on or about June 1, 2021.

97.     As a result of CIOX's unlawful and predatory actions in this case, Ms. Stewart paid CIOX a fee for searching for her Medical Records that is unlawful and impermissible under Maryland law.  As a result, she has suffered actual damages.

**C.     NARVELL NINES**

98.     On or about February 19, 2021 and April 21, 2021, Mr. Nines' attorneys and personal representatives requested Mr. Nines' Medical Records from three different physicians – two associated with Bayview and the other associated with JHCP – to be used for the purpose of filing a claim for Mr. Nines regarding SSI under Title XVI of the Social Security Act.

99.     Mr. Nines' attorneys were appointed in writing by him.

100.    On or about February 27, 2021 and March 1, 2021, CIOX, as an agent of Bayview, prepared two invoices in connection with the copying, retrieval and preparation of Mr. Nines' Bayview Medical Records. *See* **Exhibits C** & **D**.

101.    In connection with the February 27, 2021 Invoice (**Exhibit C**), CIOX charged Mr. Nines for 44 pages of Medical Records (to be produced in a hard copy format) at .83¢ per-page, for an aggregate copy charge of $36.52.  These charges are in excess of the .76¢ per-page maximum fees permitted under Maryland's Confidentiality of Medical Records Act.

102.    Moreover, and in addition to the other charges set forth on CIOX's February 27, 2021 Invoice to Mr. Nines, CIOX included a charge for "Sales Tax" of $3.57 – a "Junk Fee" – even though CIOX is well aware that "a patient's medical records" are expressly exempt from Maryland's Sales and Use Tax. *See* Md. Code, Tax-Gen. § 11-211(a)(4).

103.    Because of the unlawful and unauthorized charges that CIOX added to Mr. Nines' February 27, 2021 Invoice, CIOX demanded that Mr. Nines and his authorized representatives pay CIOX a total of $66.57 for copying, retrieving and preparing Mr. Nines' Medical Records.  The actual charges permitted by Maryland law, however, for the copying, retrieval and preparation of these Medical Records are much lower than that amount.

104.    Mr. Nines and his authorized representatives paid CIOX's February 27, 2021 Invoice in full on or about March 16, 2021.

105.    Thereafter, CIOX, as an agent of Bayview, mailed hard copies of the requested Medical Records to Mr. Nines and his authorized representatives.

106.    In connection with the March 1, 2021 Invoice (**Exhibit D**), CIOX charged Mr. Nines for 16 pages of Medical Records (to be produced in a hard copy format) at .83¢ per-page, for an aggregate copy charge of $13.28.  These charges are in excess of the .76¢ per-page maximum fees permitted under Maryland's Confidentiality of Medical Records Act.

107.    Moreover, and in addition to the other charges set forth on CIOX's March 1, 2021 Invoice to Mr. Nines, CIOX included a charge for "Sales Tax" of $2.17 – a "Junk Fee" –

even though CIOX is well aware that "a patient's medical records" are expressly exempted from Maryland's Sales and Use Tax. *See* Md. Code, Tax-Gen. § 11-211(a)(4).

108.     Because of the unlawful and unauthorized charges that CIOX added to Mr. Nines' March 1, 2021 Invoice, CIOX demanded that Mr. Nines and his authorized representatives pay CIOX a total of $40.93 for copying, retrieving and preparing Mr. Nines' Medical Records.  The actual charges permitted by Maryland law, however, for the copying, retrieval and preparation of these Medical Records are much lower than that amount.

109.     Mr. Nines and his authorized representatives paid CIOX's March 1, 2021 Invoice in full on or about March 16, 2021.

110.     Thereafter, CIOX, as an agent of Bayview, mailed hard copies of the requested Medical Records to Mr. Nines and his authorized representatives.

111.     On or about May 17, 2021, CIOX, as an agent of JHCP, prepared an invoice in connection with the copying, retrieval and preparation of Mr. Nine's JHCP Records. *See* **Exhibit E**.

112.     In the May 17, 2021 Invoice (**Exhibit E**), CIOX charged Mr. Nines for 193 pages of Medical Records (to be produced in a hard copy format) at .88¢ per-page, for an aggregate copy charge of $169.84.  Both of these charges are in excess of the .76¢ per-page maximum fees permitted under Maryland's Confidentiality of Medical Records Act.

113.     Moreover, and in addition to the other charges set forth on CIOX's May 17, 2021 Invoice to Mr. Nines, CIOX included a charge for "Sales Tax" of $11.57 – a "Junk Fee" – even though CIOX is well aware that "a patient's medical records" are expressly exempted from Maryland's Sales and Use Tax. *See* Md Code, Tax-Gen. § 11-211(a)(4).

114.     Because of the unlawful and unauthorized charges that CIOX added to Mr. Nines' May 17, 2021 Invoice, CIOX demanded that Mr. Nines and his authorized

representatives pay CIOX a total of $215.29 for copying, retrieving and preparing Mr. Nines'

JHCP Medical Records.  The actual charges permitted by Maryland law, however, for the

copying, retrieval and preparation of these Medical Records was far lower than that amount.

115.    Mr. Nines and his authorized representatives paid the CIOX Invoice in full on or

about May 26, 2021.

116.    Thereafter, CIOX, as an agent of JHCP, mailed hard copies of the requested

JHCP Medical Records to Mr. Nines and his authorized representatives.

117.    Upon information and belief, had Mr. Nines and his authorized representatives

refused to pay any of CIOX's Invoices in full, Defendant CIOX would have refused to produce

Mr. Nines' Medical Records.

118.    Even though CIOX represented on Mr. Nines' February 27, 2021, March 1,

2021 and May 17, 2021 Invoices that "Sales Tax" was due and owing, CIOX did not, in turn,

pay the "Sales Tax" to the State of Maryland, but rather kept and used these fees for its own

purposes and gain.  Thus, the "Sales Tax," though charged to and paid by Mr. Nines, was never

collected by a Maryland governmental entity.

119.    As a result of CIOX's unlawful and predatory actions in this case, Mr. Nines has

paid more to CIOX for copies of his Medical Records than permitted by Maryland law and

suffered actual damages.

**D.    CIOX HEALTH, LLC'S UNLAWFUL AND PREDATORY FEES ARE NOT LIMITED TO THE NAMED PLAINTIFFS**

120.    The facts and circumstances of Named Plaintiffs Charles Pugh, Veronica Stewart

and Narvell Nines against Defendant CIOX are neither unique nor isolated. During the time

frame of this Complaint, CIOX on its own behalf and on behalf of hundreds of health care

providers throughout Maryland, has overcharged tens of thousands of individuals, and forced

them to pay CIOX "Junk Fees" and unlawfully inflated fees similar to those challenged by this Complaint.

**Class Action Allegations**

121.    Named Plaintiffs bring this action individually and as a class action on behalf of a class (the "Class") defined as follows:

> All persons who, between February 3, 2010 and the present, sought copies of Medical Records from a Maryland health care provider, or had their Medical Records requested by some other person pursuant to their authorization, and either: (1) were charged a fee of any type by CIOX Health, LLC after it was determined that no such Medical Records existed; (2) were charged other "Junk Fees" – such as, by way of example, an "Electronic Data Archive Fee," a "Digital Archive Fee," a "Retrieval Fee," "Sales Tax" or an "Instant Download Fee" – or otherwise charged more than the maximum amounts permitted by Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. § 4-304; or (3) were charged a fee by CIOX Health, LLC, after October 1, 2021, for providing copies of Medical Records when the Medical Records will be used for the purpose of filing a claim regarding or appealing a denial of Social Security disability income or Social Security benefits under Title II or Title XVI of the Social Security Act.

122.    Excluded from the Class are those individuals who now are or ever have been CIOX Health, LLC executives and the spouses, parents, siblings and children of all such individuals.

123.    The Class, as defined above, is identifiable.  The Named Plaintiffs, Mr. Pugh, Ms. Stewart and Mr. Nines are members of the Plaintiff Class.

124.    The Class is so numerous that joinder of all members is impracticable.

125.    There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.  The common and predominating questions include, but are not limited to:

(a)    Whether CIOX required Plaintiffs and Class members to pay a fee of any type, in violation of Maryland's Confidentiality of Medical Records Act, Md. Code,

Health-Gen. § 4-304, for searching for Medical Records when the health care provider or CIOX determined that no such records exist;

(b)      Whether CIOX is a "Health care provider" under Md. Code, Health-Gen. § 4-301;

(c)      Whether CIOX was permitted to charge and collect any fee for searching for Named Plaintiffs' and Class members' Medical Records;

(d)      Whether a health care provider in Maryland may charge a fee for the retrieval and preparation of Medical Records, including a "Basic Fee," a "per-page fee," a "Notary Fee" and/or an "Electronic Delivery Fee," when no such Medical Records exist;

(e)       Whether CIOX's charging and collecting of a fee of any type to Class members when no Medical Records exist is an unfair, abusive and deceptive trade practice that violates Maryland's Consumer Protection Act;

(f)      Whether CIOX charged "Junk Fees" – such as, by way of example, an "Electronic Data Archive Fee," a "Digital Archive Fee," a "Retrieval Fee," "Sales Tax" or an "Instant Download Fee" – to the members of the Class;

(g)      Whether CIOX charged the members of the Class more than the maximum amounts permitted in Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. § 4-304 for the production of Medical Records;

(h)      Whether, after October 1, 2021, CIOX charged a fee for providing copies of Medical Records to those members of the Class who requested the Medical Records for the purpose of filing a claim regarding or appealing a denial of Social Security disability income or Social Security benefits under Title II or Title XVI of the Social Security Act;

(i)     Whether CIOX's unlawful and excessive charges for Medical Records, as described in this Complaint, constitute and unfair, abusive or deceptive trade practice that violates Maryland's Consumer Protection Act, Md. Code, Com. Law §§ 13-101, *et seq.*;

(j)     Whether CIOX's unlawful and excessive charges for Medical Records, as described in this Complaint, violate Maryland's Consumer Debt Collection Practices Act, Md. Code, Com. Law §§ 14-201, *et seq.*;

(k)     Whether CIOX claimed, attempted or threatened to enforce a right to collect fees from the Named Plaintiff and Class members with knowledge that the right does not exist;

(l)     Whether the Court can declare that CIOX may not charge and/or collect a fee for the retrieval and preparation of Medical Records, when no such Medical Records exist;

(m)     Whether the Court can declare that CIOX may not charge and/or collect a fee from individuals for any fees not specifically enumerated in Maryland's Confidentiality of Medical Records Act;

(n)     Whether the Court can declare that, after October 1, 2021, copy fees charged by CIOX for providing copies of Medical Records to those members of the Class who requested the Medical Records for the purpose of filing a claim regarding or appealing a denial of Social Security disability income or Social Security benefits under Title II or Title XVI of the Social Security Act, violates Maryland's Confidentiality of Medical Records Act; and

(o)     Whether CIOX was authorized to conduct business in Maryland after it forfeited its registration with the Maryland State Department of Assessments & Taxation.

126. The claims of Named Plaintiffs are typical of the claims of the respective members of the Class within the meaning of FED. R. CIV. P. 23(a)(3) and are based on and arise out of similar facts constituting the wrongful conduct of the Defendant.

127. Named Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class within the meaning of FED. R. CIV. P. 23(a)(4). Named Plaintiffs are committed to vigorously litigating this matter. Further, Named Plaintiffs have secured counsel experienced in handling class actions and complex litigation.

128. Neither Named Plaintiffs nor Plaintiffs' counsel have any interests that might cause them not to vigorously pursue these claims.

129. The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant within the meaning of FED. R. CIV. P. 23(b)(1)(A).

130. CIOX's actions are generally applicable to the respective Class as a whole, and Named Plaintiffs seek equitable remedies with respect to the Class as a whole within the meaning of FED. R. CIV. P. 23(b)(2).

131. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of FED. R. CIV. P. 23(b)(3).

132. The likelihood that individual members of the Class will prosecute or defend separate actions is remote due to the time and expense necessary to conduct such litigation.

133. Plaintiffs' counsel are experienced in class actions and foresee little difficulty in the management of this case as a class action.

## Causes Of Action

### Count I
### Violations of Maryland's Confidentiality of Medical Records Act
(Md. Code, Health-Gen. §§ 4-301, *et seq.*)

134.    Plaintiffs incorporate into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

135.    Named Plaintiffs and each Class member are "Person[s] in interest" within the meaning of Md. Code, Health-Gen. § 4-301(m).

136.    Defendant CIOX is a "Health care provider" within the meaning of Md. Code, Health-Gen. § 4-301(h).

137.    By knowingly charging and collecting from Named Plaintiffs and Class members fees that were well in excess of those permitted by Maryland's Confidentiality of Medical Records Act, including but not limited to "Electronic Data Archive Fees," "Digital Archive Fees," "Retrieval Fees," "Instant Download Fees," "Sales Tax" and other "Junk Fees," as alleged herein, CIOX has violated the Md. CMRA, Md. Code, Health-Gen. § 4-304(c).

138.    By knowingly charging and collecting a "Basic Fee" of up to $22.88 (or other "Junk Fee") from Named Plaintiffs and Class members when CIOX searches for Medical Records when the health care provider has no such records to retrieve, prepare or produce, as alleged herein, CIOX has violated the Md. CMRA, Md. Code, Health-Gen. § 4-304(c). By knowingly charging and collecting excessive per-page fees for copying the Medical Records of Named Plaintiffs and the Class, including but not limited to inflated and excessive fees for copying Medical Records for Named Plaintiffs and the Class that exceed the per-page charges permitted by Maryland law, as well as the cap established by the Md. CMRA for production of Medical Records in an electronic format (currently $80), as alleged herein, CIOX has violated the Md. CMRA, Md. Code, Health-Gen. § 4-304(c)(3).

139.    By knowingly charging per-page copying fees, after October 1, 2021, for Medical Records requested by Named Plaintiffs and those members of the Class to be "used for the purpose of filing a claim regarding or appealing a denial of Social Security disability income or Social Security benefits under Title II or Title XVI of the Social Security Act," CIOX has violated the Md. CMRA, Md. Code, Health-Gen. § 4-304(c)(5).

140.    As a result of the Defendant's violations of Maryland's Confidentiality of Medical Records Act, as set forth above, Named Plaintiffs and the Class sustained losses and damages, including actual damages in an amount equal to their overpayments.

141.    In such circumstance, the Md. CMRA provides, in relevant part, that a "health care provider or any other person who knowingly violates any provision of this subtitle is liable for actual damages."  Md. Code, Health-Gen. § 4-309(f).

## Count II
## Violations of Maryland's Consumer Protection Act
(Md. Code, Com. Law §§ 13-101, *et seq.*)

142.    Plaintiffs incorporate into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

143.    Maryland's Consumer Protection Act ("MCPA"), Md. Code, Com. Law § 13-101, *et seq.*, prohibits any "person" from engaging in any unfair, abusive or deceptive trade practices, *inter alia*, in the collection of consumer debts.  Md. Code, Com. Law § 13-303(3) and (4).

144.    CIOX's collection of fees from Named Plaintiffs and members of the Plaintiff Class constitutes collection of "consumer debts" as that term is used in the MCPA.  Md. Code, Com. Law § 13-101(d)(1).

145.    As a "person" under the MCPA, Md. Code, Com. Law § 13-101(h), CIOX is prohibited from engaging in unfair, abusive and deceptive trade practices.

146.     The MCPA specifically prohibits CIOX from making any false or misleading oral or written statement or other representation of any kind that has the capacity, tendency or effect of deceiving or misleading consumers.  Md. Code, Com. Law § 13-301(1).

147.     The MCPA further prohibits CIOX from failing to state a material fact if the failure deceives or tends to deceive.  Md. Code, Com. Law § 13-301(3).

148.     In violation of the MCPA, Md. Code, Com. Law §§ 13-303(3)-(4) and 13-301(1), CIOX represented to Named Plaintiffs and members of the Class that: (1) they were required to pay CIOX's fees for searching for Medical Records, despite CIOX's violations of Maryland's Confidentiality of Medical Records Act described above; and (2) the charges imposed and collected by CIOX were legal and consistent with the Md. CMRA.  By making these representations, CIOX engaged in misrepresentations and failures to state material facts, which deceived or tended to deceive and violated the aforesaid sections of the MCPA.

149.     CIOX's representations were false and misleading and tended to and did deceive Named Plaintiffs and members of the Plaintiff Class, all of whom made payments to CIOX that were not due or owing and were in excess of the amounts actually permitted under Maryland Law.  In violation of the MCPA, Md. Code, Com. Law §§ 13-303(3)-(4) and 13-301(3), the Defendant failed to disclose to Named Plaintiffs and members of the Plaintiff Class certain material facts, including the fact that the charges imposed by CIOX were unlawful, and that CIOX had no right to charge for merely searching for the Medical Records.  In addition, CIOX represented in writing to Named Plaintiffs and members of the Class that the charges imposed in connection with the search for Medical Records were legitimate.

150.     In addition, by charging and collecting unlawful, excessive and impermissible fees from Named Plaintiffs and Class members, with knowledge that the right to do so does not exist, CIOX's actions also violate the Maryland Consumer Debt Collection Act, Md. Code, Com. Law

§ 14-202(8), and, thus, constitutes an unfair, abusive or deceptive trade practice that is a *per se* violation of the MCPA. Md. Code, Com. Law § 13-301(14)(iii). *See also* Count III, below.

151.    These misrepresentations and failures to disclose material facts led Named Plaintiffs and members of the Class to make payments that were not due and that they would not have made had CIOX informed them of the material facts. CIOX committed unfair, abusive and deceptive practices by collecting and attempting to collect on alleged debts which, in fact, were not due, and this conduct constitutes unfair, abusive and deceptive trade practices in violation of the MCPA, Md. Code, Com. Law §§ 13-101, *et seq.*, including §§ 13-303(3)-(4) and 13-301(1) and (3).

152.    As a result of CIOX's unfair, abusive and deceptive trade practices in violation of the MCPA, Named Plaintiffs and members of the Plaintiff Class were told they owed money to CIOX they did not owe, and were induced and commanded by CIOX to make payments to CIOX on amounts that were not owed, causing Named Plaintiffs and members of the Class injury and loss.

### Count III
### Violations of the Maryland Consumer Debt Collection Act
Md. Code, Com. Law § 14-202(8)

153.    Plaintiffs incorporate into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

154.    CIOX is a "person" as defined by Maryland's Consumer Debt Collection Act ("MCDCA"). Md. Code, Com. Law § 14-201(d).

155.    CIOX is a debt "collector" as defined in Md. Code, Com. Law § 14-201(b) because, under the facts alleged herein, CIOX is collecting or attempting to collect an alleged debt arising out of a consumer transaction.

156.    The amounts charged to Named Plaintiffs and the Class, and collected by CIOX, as alleged herein, arise from "consumer transactions" as defined in Md. Code, Com. Law § 14-201(c).

157.    By charging and collecting from Named Plaintiffs and Class members fees that either were well in excess of those permitted by Maryland's Confidentiality of Medical Records Act, or entirely impermissible, as alleged herein, CIOX is claiming and enforcing a right with knowledge that the right does not exist as prohibited by Md. Code, Com. Law § 14-202(8).

158.    CIOX had both actual and constructive knowledge that the fees it charged and collected, as set out in this Complaint, were illegal, excessive and unlawful, and that it was not entitled to collect the debts from Named Plaintiffs and Class members.

159.    Despite knowledge that the fees it charged and collected, as set out in this Complaint, were illegal, excessive and unlawful, CIOX sent invoices to the Named Plaintiffs and Class members and used those invoices to enforce a right that does not exist and to collect monies from Named Plaintiffs and the Plaintiff Class that it was not entitled to.

160.    Any monies paid by Plaintiffs and Class members that resulted from CIOX's unlawful fees constitute actual damages and must be repaid to Named Plaintiffs and Class members by CIOX pursuant to the MCDCA, Md. Code, Com. Law § 14-203.

161.    As a result of CIOX's failure to comply with the MCDCA, Named Plaintiffs and the Class suffered actual loss, emotional distress, mental anguish and other damages.

**Count IV**
**Maryland Declaratory Judgment Act**
Md. Code, Cts. & Jud. Proc. § 3-409

162.    Plaintiffs incorporate into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

163. An actual controversy exists between Named Plaintiffs and the Class, on the one hand, and CIOX on the other.

164. Antagonistic claims are present between Named Plaintiffs and the Class, on the one hand, and CIOX on the other which indicate imminent and inevitable litigation.

165. Named Plaintiffs and the Class assert that CIOX's unlawful billing practices, predatory collections practices and charges and fees imposed on the Named Plaintiffs and the Class are illegal, unfair, abusive or deceptive and in conflict with the essential public policy of the state of Maryland.

166. Named Plaintiffs and Class members also assert that the excessive and unlawful fees charged to and collected from Named Plaintiffs and Class members, must be returned to the members of the Class, together with prejudgment interest.

167. A declaratory judgment that establishes that CIOX violated the requirements of Maryland's Confidentiality of Medical Records Act by overcharging Named Plaintiffs and the Class will alleviate all uncertainty in this proceeding.

## **Prayer for Relief**

**WHEREFORE**, Named Plaintiffs demand, on behalf of themselves and the Class:

A. An Order certifying this case as a Plaintiff Class action pursuant to FED. R. CIV. P. 23(b)(1), (2) and/or (3);

B. Damages in an aggregated amount that exceeds $75,000$^{00}$;

C. Actual damages;

D. A declaration that CIOX's predatory conduct and unlawful billing and collections practices alleged herein violate Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. §§ 4-301, *et seq.*;

E. An award of reasonable attorney's fees and litigation costs to be determined; and,

F.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 1, 2022

Richard S. Gordon, Fed. Bar No. 06882
rgordon@GWCfirm.com
Sara E. Assaid, Fed. Bar No. 21584
sassaid@GWCfirm.com
GORDON, WOLF & CARNEY, CHTD.
100 West Pennsylvania Ave., St. 100
Baltimore, Maryland 21204
(410) 825-2300
(410) 825-0066 (facsimile)

Charles A. Gilman, Fed. Bar No. 26435
cgilman@gblegalteam.com
Lauren M. Geisser, Fed. Bar No. 29190
lgeisser@gblegalteam.com
GILMAN & BEDIGIAN, LLC
1954 Greenspring Drive
Suite 250
Timonium, MD 21093
(410) 560-4999
(410) 308-3116 (fax)

*Attorneys for the Named Plaintiffs and
the Putative Class*

By:      _____/s/ Richard S. Gordon_____
Richard S. Gordon

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

/s/ Richard S. Gordon
Richard S. Gordon