IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES PUGH, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil Action No. 8:22-cv-617-PX |
| CIOX HEALTH, LLC, | * |
| Defendant. | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court in this consumer class action is Plaintiffs' motion to remand. (ECF No. 40). The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion must be DENIED.[1]

**I.   Background**

On February 3, 2022, Plaintiffs Charles Pugh and Veronica Stewart, individually and on behalf of similarly situated individuals, filed this class action in the Montgomery County Circuit Court against Defendant Ciox Health, LLC ("Ciox"). ECF No. 2.[2] The Complaint alleges that Ciox, a medical records provider, charges customers excessive fees in violation of the Maryland Confidentiality of Medical Records Act, Md. Code, Health-Gen §§ 4-301, *et seq.* ("MCMRA"), the Maryland Consumer Protection Act, Md. Code, Com. Law §§ 13-01, *et seq.* ("MCPA"), and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code, Com. Law §§ 14-201, *et seq. Id.* The Complaint further alleges that Ciox overcharges for copying fees and imposes a

---

[1] The Court also grants Defendant's unopposed motion for leave to file a sur-reply. ECF No. 45.

[2] The original Complaint also named Ciox Chief Executive Officer Peter McCabe as a Defendant, but McCabe has since been dismissed from the case. *See* ECF No. 13.

wide assortment of "junk fees," such as a "digital archive fee" and "retrieval fee," that are prohibited by Maryland law. *Id.* ¶¶ 7–8.

Ciox noted removal on March 11, 2022, citing this Court's diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1446 ("CAFA"). ECF No. 1. On April 1, 2022, the Parties informed the Court in writing that they were pursuing early mediation and that, with Ciox's consent, Plaintiffs would file an amended complaint to add another named Plaintiff. ECF No. 13.

The Amended Complaint was filed on the same day. ECF No. 14. But, contrary to the representations in the letter, the pleading did more than simply name a new Plaintiff; it also added new facts and allegations that created a new theory of relief against Ciox. Specifically, the Amended Complaint named an additional class representative, Narvell Nines, who avers that Ciox improperly charged another kind of fee that it termed a "sales tax," in violation of the Maryland Tax Code. *Id.* ¶¶ 9, 22–23, 61–64. Taxes on the sale of medical records are expressly exempt from the Maryland Sales and Use Tax. Md. Code, Tax-Gen. § 11-211(a)(4). The Amended Complaint characterizes the "sales tax" as another variation of a "junk fee" prohibited by the MCMRA. ECF No. 14 ¶ 137.

The parties ultimately failed to reach settlement. On December 16, 2022, Plaintiffs moved to remand the action to the Montgomery County Circuit Court, arguing that the new allegations involving Nines and the respective subclass deprive the Court of subject matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"). ECF No. 40-1 at 6. This is so, argue Plaintiffs, because the TIA prohibits district courts from enjoining, suspending, or restraining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341. Ciox

principally responds that because jurisdiction is proper pursuant to the original Complaint, the motion must be denied.

## II. Analysis

A federal court is one of limited jurisdiction, hearing only those cases for which the Constitution and Congress has conferred authority. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). In 2005, Congress expanded federal subject matter jurisdiction in the class action context to reach "'interstate' class actions 'of national importance.'" *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 329 (4th Cir. 2019) (quoting CAFA, Pub. L. No. 190-2, § 2(b)(2), 119 Stat. 4, 5 (2005)). CAFA specifically was passed "to curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts." *Jackson v. Home Depot U.S.A., Inc.,* 880 F.3d 165, 168 (4th Cir. 2018), *aff'd*, 139 S. Ct. 1743 (2019) (quoting *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009)). Thus, the statute was designed to "extend removal authority beyond the traditional rules." *Id.* (describing CAFA's relaxation of standard diversity jurisdiction restrictions).

CAFA bestows on the Court jurisdiction over a "class action" when (1) the parties are minimally diverse; (2) the amount in controversy exceeds $5,000,000; and (3) the proposed class has at least 100 members. 28 U.S.C. § 1332(d). Because CAFA aims to "facilitate adjudication of certain class actions in federal court," the Court does not employ the same "antiremoval presumption" accorded cases invoking the Court's general diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Thus, the Court must read CAFA's jurisdictional provisions "broadly, with a strong preference that interstate class actions should be

heard in a federal court if properly removed by any defendant." *Id.* (quoting S. Rep. No. 109-14, at 43 (2005)).

Plaintiffs contend that remand under 28 U.S.C. § 1447(c) is proper because the TIA bars jurisdiction over the new tax allegations in the Amended Complaint. ECF No. 40-1 at 7. In support of their position, Plaintiffs rely heavily on the Fourth Circuit decision, *Gwozdz v. HealthPort Tech., LLC*, 846 F.3d 738, 742 (4th Cir. 2017). In *Gwozdz*, also a class action, plaintiff consumers sued Ciox's predecessor company for charging an impermissible sales tax on medical records. The district court granted Ciox's motion to dismiss, reasoning that because "Maryland law" established the "exclusive remedy for the recovery of taxes on the sale of medical records," the TIA prohibited federal adjudication of the claims. *Gwozdz*, 846 F.3d at 740.

On appeal, the Fourth Circuit tacked in a different direction. It concluded that the TIA is a jurisdiction-stripping statute which prevented the Court from adjudicating the Maryland tax related claim at all. Accordingly, the Fourth Circuit vacated the district court's judgment, and directed that the action be remanded to state court. *Id.* at 744. Plaintiffs contend that *Gwozdz* demands a similar result here. ECF No. 40-1 at 7.

But in *Gwozdz,* the Plaintiffs had only ever alleged sales tax-related claims. Accordingly, the TIA-related jurisdictional defect that the Fourth Circuit had identified existed at the time of removal. *Gwozdz*, 846 F.3d at 740. By contrast, this Court indisputably retains CAFA jurisdiction over non-tax related claims pleaded in the operative Complaint at the time of removal. Thus, the central question—which *Gwozdz* does not answer—is whether TIA-covered allegations added *after* removal can defeat federal jurisdiction over the original non tax-related claims. *Id.*

4

On this more fundamental question, the law is clear; generally, the Court determines the existence of federal jurisdiction based on the Complaint at the time of removal, not subsequent amendments. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005); *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002) ("[A] court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy.") (quoting *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). Faithful adherence to this rule certainly makes good sense, for "[i]f parties were able to defeat jurisdiction by way of post-removal [amendments], they could unfairly manipulate judicial proceedings" through artful pleading. *Gomer v. Home Depot U.S.A., Inc.*, No. 16-356-GLR, 2016 WL 5791226, at *4 (D. Md. Oct. 4, 2016) (quoting *Dotson v. Elite Oil Field Servs., Inc.*, 91 F. Supp. 3d 865, 874 (N.D.W. Va. 2015)).

Looking to the original Complaint, the Court clearly maintains CAFA jurisdiction, and Plaintiffs make no real argument to the contrary. Rather, Plaintiffs' entire remand argument turns on the new sales tax allegations, and so, the Court cannot help but conclude that Plaintiffs' amendment represents precisely the kind of forum manipulation the law aims to discourage. *See Gomer*, 2016 WL 5791226, at *4.

Plaintiffs next pivot to 28 U.S.C. § 1447(c), which states, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); ECF No. 40-1 at 5. But as the Supreme Court has made clear, the Court will "*keep* a removed case," section 1447(c) notwithstanding, when "a *later* event, say, the change in the citizenship of a party or a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction." *Wisc. Dep't of Corr. v. Schacht*,

524 U.S. 381, 391 (1998). Thus, section 1447(c) does not "overrule the repeatedly expressed view that changes after removal cannot eliminate jurisdiction and require remand." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 n. 4 (5th Cir. 1996). So if the Court has jurisdiction at the time of removal, then the later addition of claims cannot trigger remand.

Plaintiffs alternatively contend that 28 U.S.C. § 1447(e) implicitly authorizes this Court to grant remand. Again, the Court sees it differently. Section 1447(e) states, "[i]f after removal the plaintiff seeks to join additional *defendants* whose joinder would destroy subject matter jurisdiction," then the Court, in its discretion, "may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added); *see also Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999). The provision does not authorize, or even contemplate, remand based on the addition of claims. *Cf. McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225, 231 n. 5 (D.N.J. 2020) (Although § 1447(e) permits courts to conduct a "jurisdictional assessment of the *parties* named in the Amended Complaint," courts must consider "the *allegations* as pled at the time of removal."). If anything, this provision, as written, counsels against remand. Congress saw fit to give federal courts the discretion to remand based on newly added defendants. Had Congress intended to extend similar judicial discretion to added claims, it would have likewise provided as much in the removal statute. It has not. Thus, section 1447(e) does little to advance Plaintiffs' remand theory.[3]

Plaintiffs next argue that *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004), compels remand. The Court disagrees. In *Harless*, an individual plaintiff sued her deceased father's former employer in state court for discrimination related claims. *Id.* at 446. Because the

---

[3] Notably, Section 1447(e) does not *require* remand. Rather, in the case of newly added defendants, a court may either deny the joinder of the defendants or permit joinder and remand the matter. So even if some judge-made parallel to 1447(e) for newly added claims exists, this Court would likely deny the proposed amendment seeking to add the claim, rather than remand an otherwise CAFA eligible class action.

father had belonged to a union, certain claims were preempted by the federal Labor Management Relations Act ("LMRA"). *Id.* Accordingly, defendants noted removal based on federal question jurisdiction. *Id.* Plaintiff, in turn, amended the Complaint to *remove* the claims that were preempted by the LMRA and moved to remand the matter. *Id.* at 446–47. The district court granted remand. *Id.* at 447.

In affirming the remand, the Fourth Circuit articulated a narrow exception to the original pleading rule: where an amended pleading removes claims, leaving a subset of clearly state common law causes of action for which pendant jurisdiction applies, then remand essentially becomes a matter of judicial discretion. *Id.* at 448–49. In that circumstance, the federal court may assess the plaintiff's motives for amendment, alongside the more traditional interests of comity, efficiency, and justice inherent in deciding whether to exercise pendant jurisdiction over state law claims. *Id.* Using this standard, the Fourth Circuit ultimately concluded that the district court acted well within such discretion in granting remand. *Id.* at 448–50 (*citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966)).

This case stands on very different footing. Plaintiffs have added, not eliminated, allegations which provide an additional theory of relief. In so doing, the amendment does not raise any questions of pendant jurisdiction, as it did in *Harless*. Quite the opposite. Even with amendment, the Court maintains CAFA jurisdiction over the claims as originally pleaded. Thus, to extend *Harless* to this case would allow parties to defeat CAFA by finding an add-on liability theory for which the Court lacks jurisdiction. This would run contrary to CAFA's broad aim to "facilitate adjudication" of qualifying claims in federal court. *Owens*, 574 U.S. at 89.[4]

---

[4] Plaintiffs' abstention and comity-based arguments for remand are premised entirely on the tax allegations in the Amended Complaint and thus are rejected for similar reasons. ECF No. 40-1 at 10.

In sum, the Court finds no reason to stray from the well-established rule that it must look to the original Complaint when deciding the propriety of remand. The original Complaint confers CAFA jurisdiction. Thus, jurisdiction is proper, and the motion must be denied.

A final word on the recently added sales tax allegations. They appear to be severable from the original allegations. So if, as Plaintiffs say, the TIA precludes adjudication of those new allegations in this Court, then those allegations may very well be dismissed, as Ciox urges. *See* ECF No. 33 at 3. That question, however, deserves full briefing. ECF No. 36.[5] Thus, in accordance with the November 16, 2022 Scheduling Order (ECF No. 36), the parties shall submit a briefing schedule for Ciox's motion to dismiss within ten days from the date of this decision.

### III. Conclusion

For the foregoing reasons, Ciox's motion for leave to file a sur-reply is granted and Plaintiffs' motion to remand is denied. A separate Order follows.

8/24/2023  
Date

/S/  
Paula Xinis  
United States District Judge

---

[5] The Honorable Paul W. Grimm initially presided over this matter and had decided to resolve the question of remand before requiring the parties to brief dismissal of the TIA related claim.